UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN J. MCELROY,<br>Plaintiff,<br>v.<br>MAUREEN MCLEAN, et al.,<br>Defendants. | Case No. 20-cv-01900-PJH<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 6 |

This is a civil rights case brought pro se by a prisoner. Plaintiff has also filed a motion to proceed in forma pauperis. Court records indicate that plaintiff has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. This would prevent plaintiff from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g).

**Legal Standard**

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted) (*Andrews I*). A case is "frivolous" within the meaning of §

1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id.* (internal quotation marks omitted). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1760 (2015). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

**Discussion**

Plaintiff has been deemed three strikes barred in this district. *See McElroy v. Muniz*, No. 15-0042 EJD (N.D. Cal. May 26, 2016). A review of plaintiff's prior cases confirms that he has at least three strikes:[1]

In *McElroy v. McLean*, No. 19-5491 PJH (N.D. Cal. Dec. 2, 2019), the court dismissed the complaint with leave to amend for failure to state a claim. Plaintiff failed to file an amended complaint, so the action was dismissed for failure to state a claim.

In *McElroy v. Institutional Head Ground*, No. 13-0483 MJS (E.D. Cal. Nov. 1, 2013), the court dismissed plaintiff's amended complaint without leave to amend for failure to state a claim.

In *McElroy v. Schultz*, No. 08-0179 OWW MJS (E.D. Cal. April 30, 2010), the court dismissed plaintiff's amended complaint with leave to amend for failure to state a claim. Plaintiff failed to file an amended complaint, so the action was dismissed for failure to state a claim.

In *McElroy v. Cal. Dep't of Corr.*, No. 08-0733 HWG (E.D. Cal. April 16, 2009), the court dismissed plaintiff's complaint with leave to amend for failure to state claim. Plaintiff failed to file an amended complaint, so the action was dismissed for failure to state a claim.

In *McElroy v. Gebbmedin*, No. 08-0124 LJO GSA (E.D. Cal. Dec. 11, 2008), the court dismissed the complaint with leave to amend for failure to state a claim. Plaintiff

---

[1] A court may take judicial notice of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1   failed to file an amended complaint, so the action was dismissed for failure to state a
2   claim.
3         The court finds that each of the above cases constitutes a strike, including when
4   plaintiff failed to file amended complaints.  *See Harris v. Mangum*, 863 F.3d 1133, 1143
5   (9th Cir. 2017) (When the district court dismisses a complaint for failure to state a claim
6   and grants leave to amend, and the plaintiff then fails to file an amended complaint, the
7   dismissal counts as a strike under § 1915(g).)
8         Plaintiff shall show cause by **June 19, 2020**, why this case should not be deemed
9   three strikes barred and the application to proceed in forma pauperis denied.  Failure to
10  reply will result in dismissal.  Plaintiff's request for a court order to provide for legal library
11  access (Docket No. 6) is **DENIED**.[2]
12  **IT IS SO ORDERED.**
13  Dated: May 13, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[2] An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).  In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  The court should not issue an injunction that it cannot enforce.  *Id.*  No defendant has been served yet in this action and the defendants are at Pelican Bay State Prison and plaintiff is currently at North Kern State Prison.  The court cannot order non-parties in this action.  Plaintiff can show this order with the impending due date to prison officials to obtain access to the law library.  For general issues with legal access, plaintiff must file an action in the Eastern District of California where that prison is located.

3