UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN J. MCELROY,<br><br>    Plaintiff,<br><br>    v.<br><br>MAUREEN MCLEAN, et al.,<br><br>    Defendants. | Case No. 20-cv-01900-PJH<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO APPOINT COUNSEL; DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 7, 9, 10 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. The court ordered plaintiff to show cause why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed a motion to appoint counsel and a motion for a temporary restraining order but has failed to address the order to show cause.

**Section 1915(g)**

Plaintiff does not contest that he has at least three strikes that were identified in the order to show cause or argue that he is in imminent danger of serious physical injury and should be permitted to proceed pursuant to 28 U.S.C. § 1915(g). The court has still reviewed the complaint and other filings to determine if plaintiff is in serious physical danger. The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Plaintiff filed the complaint on March 11, 2020, while at RJ Donovan Correctional Facility. The allegations concern events that occurred at Pelican Bay State Prison in 2015. Plaintiff alleges that defendants at the prison did not provide sufficient

accommodations for his disabilities and failed to properly treat his medical conditions. Plaintiff presents a few allegations regarding current medical problems, but they fail to demonstrate imminent danger of serious physical injury. Plaintiff's motion to proceed in forma pauperis is denied.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex.

**Temporary Restraining Order**

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips

in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.  The irreparable injury must be both likely and immediate.  *See id.* at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

In the motion for a TRO, plaintiff seeks for receive certain medical treatment and physical therapy, but he does not provide specific detail to meet the legal standards above. Even if he did provide sufficient detail, plaintiff is currently being held at North Kern State Prison and the defendants are at Pelican Bay State Prison.  An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).  In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  The court should not issue an injunction that it cannot enforce.  *Id.*  Plaintiff has not identified any defendants in this case who could provide the relief he seeks.  The motion is denied.

## CONCLUSION

1. Plaintiff's motion to appoint counsel (Docket No. 9) and motion for a temporary restraining order (Docket No. 10) are **DENIED**.

2. Plaintiff's motion to proceed in forma pauperis (Docket No. 7) is **DENIED**.

3. To proceed with this action, plaintiff must pay the full filing fee, four hundred dollars ($400), by **July 15, 2020**, or the case will be dismissed.

**IT IS SO ORDERED.**

Dated: June 16, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

3